UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLA TAYLOR,<br>  Plaintiff,<br>  v.<br>UNITED STATES OF AMERICA, et al.,<br>  Defendants. | Case No. 17-cv-06428-KAW<br><br>**ORDER DENYING MOTION TO RELATE**<br>Re: Dkt. No. 29 |

On February 27, 2018, Lily Brinkhaus filed a motion to relate the instant case to Case No. 18-cv-804-JCS, *Taylor v. Mendocino Community Health Clinic*. (Dkt No. 29.) On March 5, 2018, Plaintiff Isabella Taylor filed an opposition, arguing that *Taylor v. Mendocino Community Health Clinic* was improperly removed, and that there was no basis for federal jurisdiction over that case. (Dkt. No. 30.) On March 6, 2018, Ms. Brinkhaus filed a reply. (Dkt. No. 33.)

Having reviewed the parties' filings, the Court DENIES the motion to relate. While both cases are based on the same facts, there does not appear to be any grounds for asserting federal jurisdiction over *Taylor v. Mendocino Community Health Clinic*. *See U.S. Bank Nat'l Ass'n v. Lasoff*, Case No. CV 10-235 MMM (RCx), 2010 WL 669239, at *3 (C.D. Cal. Feb. 23, 2010) ("The court cannot exercise supplemental jurisdiction over a state law claim based on claims in a completely separate federal action"); *MFC Twin Builders, LLC v. Fajardo*, No. 1:12-cv-219-AWI-SKO, 2012 WL 3862399, at *4 (E.D. Cal. Sept. 5, 2012) ("Courts have expressly and clearly rejected attempts to remove actions based on the relationship of the civil action to be removed and another separate action already pending in federal court"). Thus, because *Taylor v. Mendocino Community Health Clinic* will likely need to be remanded, Civil Local Rule 3-12's requirement that "there will be an unduly burdensome duplication of labor and expense or conflicting results if

the cases are conducted before different Judges" is not satisfied.

IT IS SO ORDERED.

Dated: March 12, 2018

KANDIS A. WESTMORE
United States Magistrate Judge